**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE K.D., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTA DREAM CENTER CHURCH INC., et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:25-cv-02028-WMR |

## <u>ORDER</u>

Jane Doe K.D. has sued Atlanta Dream Center Church, Inc., Assemblies of God, the Georgia District Council Assemblies of God, Inc., MC Foundation, Inc., and other unnamed defendants, alleging multiple violations of the Trafficking Victims Protection Reauthorization Act (TVPRA) and vicarious liability and breach of fiduciary duty under Georgia law. (Doc. 1). In response, Assemblies of God and the Georgia District Council moved to dismiss K.D.'s claims against them. (Doc. 54; 55).

Following a hearing on the motions to dismiss, the Court authorized K.D. to conduct jurisdictional discovery to obtain evidence on two issues: (1) whether Daniel Palmer acted as the agent of Assemblies of God or the Georgia District

1

Council, and (2) whether Assemblies of God or the Georgia District Council had notice of Palmer's alleged misconduct in Georgia. (Doc. 80).

Having conducted that additional discovery, K.D. moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] (Doc. 90). Assemblies of God and the Georgia District Council oppose K.D.'s motion, arguing that the additional discovery did not yield any evidence that would allow K.D.'s claims against them to survive dismissal. (Doc. 93; 94).

A party may amend its pleading "as a matter of course within 21 days after serving it, or … 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Outside of that window, the party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a district court "should give leave to amend freely 'when justice so requires.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quoting Fed. R. Civ. P. 15(a)(2)). "But at the same time, it is not an automatic right. A district court may in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so." *Hall v. Merola*, 67 F.4th 1282, 1297 (11th Cir. 2023) (internal quotation marks omitted).

---

[1] K.D. alternatively moves to compel the Assemblies of God and the Georgia District Council "to provide sufficient discovery responses so that [she] can include the improperly withheld information in her amended complaint." (Doc. 90 at 2).

After consideration, the Court finds that the proposed amended complaint contains substantial revisions that are best responded to on the merits, rather than through Rule 15 briefing. Accordingly, the Court **GRANTS** K.D. leave to file an amended complaint. (Doc. 90). The motions to dismiss the original complaint (Doc. 54; 55) are **DENIED** as moot. K.D.'s corrected Amended Complaint (Doc. 92-1) shall be docketed as a separate entry after this Order issues.

Finally, a few housekeeping matters. Because K.D. has reported to the Court that Doc. 90-2; 90-3; 91-1; and 91-2 contain private information regarding a nonparty, the Clerk of Court shall **REMOVE** these exhibits from the docket. K.D.'s motions are **DENIED** as moot. (Doc. 91; 92). And, Assemblies of God's request to file Doc. 94-1 under seal is **GRANTED**. (Doc. 95).

 **IT IS SO ORDERED**, this 26th day of February, 2026.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

3